Debt for escape. The defendant pleads nil debet, and the jury find a special verdict, that (Scale) the prisoner escaped through the insufficiency of the prison and not any neglect of the sheriff. This was in August; and in February the sheriff obtained an escape warrant and retook him, before the issue joined, and he was in prison at the finding of the verdict. And it is found the prisoner appeared publicly at King George Court House, where he lived two or three court days after the escape. And whether this retaking shall excuse the escape, is the question. It is said in some books, that the retaking must be before the action brought, or it shall not excuse . But other books, that a retaking before issue joined shall excuse. Win. 35, and seems not denied, Cro. Ja. C57. *50 And this opinion seems most reasonable, for it would be hard upon the sheriff, especially in this country, where a man escapes through the insufficiency- of the prison, as this case is, and against the will of the sheriff, that he must be liable if an action is immediately brought, as it may be the same day, though be afterwards retake the prisoner upon fresh suit. But it will be said, fresh suit was not made in this case; the sheriff did not take out an escape warrant till six months after. But what is the escape warrant to the purpose. The sheriff might make fresh suit without such warrant, and take him in any other county by the common law, and the escape warrant which is given here by the 11 Geo. 1. is only in aid of the sheriff and plaintiff, therefore, it is no proof that he did not make fresh suit, because he did not sue out an escape warrant sooner; neither is there any thing in that, that the prisoner appeared publicly at the court house of another county ; the sheriff might be pursuing him elsewhere, and is not to be presumed, knowing of what passed in another county. As to the distance of time between the escape and retaking there is nothing in that; he might be taken a year after the escape. God. b. 117. As it does not appear then that the sheriff did not make fresh suit, it ought to be presumed that he did, for as escapes are so penal to sheriffs, the judges ought to make such favorable construction as the law will permit in favor of the sheriffs, who are the officers and ministers of justice, and the judges will never judge one to make an escape by any strict construction. 3. Rep. 44. Bey-ton’s case. And these are certainly very hard actions upon the sheriff; they have always been thought so in this country, and I am mistaken if sheriffs have not been excused where the escape was through the insufficiency of the prison, without the sheriff’s fault, without any retaking, much more here then. The plaintiff not being injured, having the effect of her execution, viz. the body of the debtor, it is most reasonable every one should bear his own burthen.
In this case it was adjudged, the retaking would not excuse the sheriff, and the county courts’ judgment was reversed.
Reported by Edward Barradall, Esq.